```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHARLES FAMILETTI, | No. 19-cv-7433 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| WARDEN DAVID ORTIZ, | |
| Defendant. | |

APPEARANCE:

Charles Familetti
68934-054
FCI-Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Charles Familetti, a federal prisoner presently incarcerated in FCI Fort Dix, New Jersey, seeks to bring a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 1.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the

1

reasons set forth below, the Court will dismiss the complaint with prejudice for failure to state a claim.

I.   BACKGROUND

A jury in the Southern District of New York convicted Plaintiff of attempted sex trafficking of a minor, 18 U.S.C. § 1951(b)(1); two counts of transportation and distribution of child pornography, 18 U.S.C. § 2252A(a)(2)(B); and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B).  Judgment of Conviction, United States v. Familetti, No. 1:13-cr-00903 (S.D.N.Y. May 23, 2016) (ECF No. 124).[1]  The court sentenced Plaintiff to serve 15 years on each count to run concurrently. Id.   He is currently serving his sentence in FCI Fort Dix, New Jersey.  ECF No. 1.

The complaint challenges Warden David Ortiz's decision to deny Plaintiff access to the Public Messaging Service TRULINCS[2], alleging violation of the Equal Protection Clause and Bureau of Prisons ("BOP") Program Statement 4500.11.  On July 7, 2018, Plaintiff filed a request for administrative remedy asking for

---

[1] The Court takes judicial notice of this public record.

[2] Trust Fund Limited Inmate Computer System.  See ECF No. 1-1 at 2.  "TRULINCS messages do not operate like regular email.  The recipient receives an email stating that a message is waiting, and the recipient must log in to the TRULINCS system to read and respond to the message.  Every message sent to and from the inmate is recorded and monitored.  No message ever leaves the TRULINCS system."  Doe v. Ortiz, No. 18-2958, 2019 WL 287305, at *3 (D.N.J. Jan. 22, 2019) (internal citations omitted).

his TRULINCS access to be restored.  ECF No. 1-1 at 1.  "The response indicated on my [illegible] request states: 'Due to the nature of your offense, you are not eligible for email access.' This response directly contradicts PS.4500.11, which states 'inmates MUST NOT be excluded from participation based on general categorization of previous conduct.'"  Id.  "In fact, no where in the Statement does it restrict access to email based on the nature of a crime."  Id.

Warden Ortiz denied Plaintiff's appeal on July 20, 2018. ECF No. 1-1 at 2.  He responded that "inmates will be excluded from electronic messaging when it is determined their use would threaten the safety, security and orderly running of the institution or the protection of the public and staff."  Id. "An inmate whose offense, conduct or other personal history indicates a propensity to offend through the use of email should be seriously considered for exclusion.  Each request to access TRULINCS is handled on a case by case basis, and an inmate has no right to TRULINCS access."  Id.

Warden Ortiz noted that because Plaintiff's "criminal history involved the use of electronic messaging to accomplish sexual encounters with at least one minor . . . [his] conviction [was] sufficient to restrict [Plaintiff's] access to electronic messaging and this determination is consistent with sound correctional judgment."  Id.  Plaintiff appealed to the BOP

Regional Office and General Counsel's office and received similar answers. Id. at 3-9. This complaint followed.

II.  STANDARD OF REVIEW

Section 1915A requires a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff seeks redress from an employee of the United States.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

4

Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff argues Warden Ortiz violated the Equal Protection Clause and BOP Program Statements by denying him access to TRULINCS due to his conviction for a sexual offense. "Sex offenders are the only category of inmate subjected to this additional level of scrutiny and descrimination [sic] as it relates to email access. Many other inmates at FCI Fort Dix who also are sexual offenders have been granted access." ECF No. 1 at 8.

"The concept of equal protection, as embodied in the Due Process Clause of the Fifth Amendment, has been construed to implicitly include an equal protection guaranty generally as broad as that of the Fourteenth Amendment, applicable to the states." Dogan v. Bureau of Prisons, No. 12-1806, 2013 WL 30158, at *3 (D.N.J. Jan. 2, 2013) (citing Bolling v. Sharpe, 347 U.S. 497 (1954)); see also U.S. v. Windsor, 570 U.S. 744, 774 (2013). To state a claim under the Equal Protection Clause, a litigant must allege that: (a) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

5

Sex offenders are not a "suspect or quasi-suspect class" for Equal Protection purposes. Artway v. Attorney Gen. of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996); accord L.A. v. Hoffman, 144 F. Supp. 3d 649, 673-74 (D.N.J. 2015). Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state a "class of one" equal protection claim. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

To state a "class of one" equal protection claim, Plaintiff must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). "The burden is on the plaintiff to negate 'any reasonably conceivable state of facts that could have provided a rational basis for the classification.'" Doe v. Ortiz, No. 18-2958, 2019 WL 287305, at *4 (D.N.J. Jan. 22, 2019) (quoting Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 367 (2001)).

Although he alleges other sex offenders are permitted to use TRULINCS, Plaintiff fails to state a "class of one" equal protection claim as he has not provided facts suggesting there was no rational basis for Warden Ortiz's decision. In response to Plaintiff's appeal, Warden Ortiz wrote that "there are

6

aggravating factors sufficient to support the limitation on your TRULINCS access.  Specifically, according to your Presentence Investigation Report (PSI), your criminal history involves the use of electronic messaging to accomplish sexual encounters with at least one minor."  ECF No. 1-1 at 2.  BOP Program Statement 4500.11 states in relevant part: "Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction."  Program Statement 4500.11 § 14.9(a)(1), available at https://www.bop.gov/policy/progstat/4500_011_CN-1.pdf (last visited August 13, 2020).

The warden's decision was not a blanket ban on sex offenders using TRULINCS without consideration of the inmate's personal history; it was based on Plaintiff's specific actions in using electronic messaging for the purpose of arranging a sexual encounter with a minor.  This is a reasonable basis for restricting Plaintiff's TRULINCS access.  As Plaintiff has not alleged facts to state an Equal Protection under either the suspect class or class of one theory, the Court will dismiss the claim.

The Court will also dismiss Plaintiff's claim that Warden Ortiz violated the BOP Program statement.  "[E]ven if the

7

defendants did violate federal prison regulations or BOP program statements, such violations do not themselves give rise to a private cause of action." Kates v. Packer, No. 3:13-cv-01525, 2015 WL 10567836, at *6 (M.D. Pa. Aug. 25, 2015), report and recommendation adopted in part, rejected on other grounds, No. 3:13-cv-1525, 2016 WL 1221736 (M.D. Pa. Mar. 29, 2016). "A violation of a prison regulation without more does not state a constitutional violation." Gibson v. Fed. Bureau of Prisons, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam). The Court will dismiss this claim because Plaintiff has failed to allege facts suggesting a constitutional violation.

In light of Plaintiff's pro se status, the Court considers the complaint as alleging a First Amendment violation. "Whether a restriction on a prisoner's ability to send outgoing mail violates the First Amendment is a two-part test: (1) whether the regulation furthers an important interest or substantial government interest unrelated to the suppression of expression; and (2) that the regulation is no greater than necessary for the protection of that interest." Doe v. Ortiz, No. 18-2958, 2019 WL 3432228, at *4 (D.N.J. July 30, 2019) (citing Procunier v. Martinez, 416 U.S. 396, 413 (1974); Nasir v. Morgan, 350 F.3d 366, 374 (3d Cir. 2003)).

Plaintiff fails to state a First Amendment claim under these facts. "The BOP has a substantial government interest in

8

restricting Public Messaging via TRULINCS 'as it involves communication with persons in the community and the possibility of continuing criminal or other prohibited activity that may jeopardize the safety and security of the institution.'"  Id. at *6 (quoting BOP Program Statement 4900.11, § 4.9).  "The threat of ongoing criminal activity is a substantial government interest recognized by the Supreme Court as justifying a restriction on outgoing prisoner mail."  Id.

As noted above, BOP staff reviewed Plaintiff's specific offense characteristics in making their determination that there was a "personal history [indicating] a propensity to offend through the use of email . . . ."  Program Statement 4500.12 § 14.9(a)(1), available at https://www.bop.gov/policy/progstat/4500.12.pdf (last visited August 13, 2020).  "Restricting TRULINCS access to persons with a propensity to offend through the use of email is no greater a restriction than necessary to protect the substantial government interest of protecting the public."  Doe, No. 18-2958, 2019 WL 3432228, at *6 (citing United States v. Crandon, 173 F.3d 122, 127 (3d Cir. 1999); United States v. Thielemann, 575 F.3d 265, 278 (3d Cir. 2009)).  Plaintiff has not stated a First Amendment claim.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or

9

futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court finds that amendment would be futile because Plaintiff cannot remedy the deficiency in his complaint: i.e., that there is a reasonable basis for the Warden's decision.

IV.   CONCLUSION

For the reasons stated above, the complaint will be dismissed with prejudice for failure to state a claim.  28 U.S.C. § 1915A(b)(1).

An appropriate order follows.


Dated: _August 26, 2020_____        ____s/ Noel L. Hillman_____
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.